IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL ALLYN KENNEDY, § | |
| (TDCJ-CID #1516203) § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-18-4749 |
| § | |
| FIFTH CIRCUIT COURT OF APPEALS, et al.,§ | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

Michael Allyn Kennedy, a Texas Department of Criminal Justice inmate, sued in December 2018, alleging civil rights violations resulting from a denial of access to the courts. Kennedy, proceeding pro se, sues the Chief Judge of the United States Court of Appeals for the Fifth Circuit; all judges within the Fifth Circuit; and the United States Court of Appeals for the Fifth Circuit.

The threshold issue is whether Kennedy's claims should be dismissed as barred by outstanding sanctions. Alternatively, the Court considers whether this case should be dismissed as frivolous.

**I.     Kennedy's Allegations**

Kennedy asserts that the United States Court of Appeals for the Fifth Circuit and all United States district court judges in Texas have denied him access to the courts. He complains that the Fifth Circuit has failed to address his appeals and improperly imposed monetary sanctions in appeal numbers 92-8594 and 93-4837. He complains that the mentioned judges have prevented him from filing civil rights actions and petitions for habeas corpus relief. He asserts that he has been improperly sanctioned without due process. Kennedy seeks punitive damages of $1,000,000.00.

## II. Outstanding Sanctions

On June 17, 1993, the United States Court of Appeals for the Fifth Circuit sanctioned Kennedy in the amount of $1,000.00 for filing a frivolous appeal in Appeal Number 92-8594. The Fifth Circuit warned Kennedy that no further appeals would be accepted until he paid the sanction. On December 16, 1993, the Fifth Circuit sanctioned Kennedy in the amount of $1,500.00 for filing an altered document in Appeal Number 93-4837.

On October 20, 1995, the Fifth Circuit barred Kennedy from filing any pleadings in any court within the Fifth Circuit until all of his previously imposed monetary sanctions had been paid. *Kennedy v. Scott*, 95-00176 (5th Cir. Oct. 20, 1995). A review of the Court's records indicates that Kennedy has failed to pay his outstanding sanctions.

This case is ADMINISTRATIVELY CLOSED pursuant to the sanction order in *Kennedy v. Scott*, 95-00176 (5th Cir. Oct. 20, 1995). Accordingly, Kennedy is not authorized to file a new action. Other than proof of satisfaction of sanctions, future submissions will be neither addressed nor acknowledged.

## III. Analysis

Alternatively, the Court finds that Kennedy's claims lack merit. Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The Court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A governs this suit by a

prisoner against a prison official.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

Judges are afforded absolute immunity when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 357-60 (1978). A judge's jurisdiction is construed broadly; a judge is not deprived of immunity because the action he took was erroneous, malicious, or exceeded his authority. *Id.* at 357. The nature of the function performed governs the immunity analysis. *Forrest v. White*, 484 U.S. 219, 227-229 (1988)(denying judge absolute immunity when performing administrative rather than judicial duties).

Kennedy challenges the acts and omissions of appellate and district judges in the Fifth Circuit who presided over proceedings relating to petitions for a writ of habeas corpus and civil rights complaints Kennedy has filed in the Fifth Circuit courts. Reviewing pleadings and imposing sanctions are normal judicial functions. The civil actions and appeals were properly before the federal district and appellate courts. The complained-of acts against district and circuit judges arose out of the judges' handling of the case.

The record is clear that the challenged acts of judges were judicial acts. Kennedy does not allege, nor does the record support, a clear absence of jurisdiction on the part of these judicial officers. Kennedy's claims against the federal district and circuit judges lack merit because Kennedy

is seeking relief from parties who are immune from suit.

## IV. Conclusion

Kennedy's motion to proceed in forma pauperis, (Docket Entry No. 2), is DENIED. The action filed by Michael Allyn Kennedy (TDCJ-CID Inmate #1516203) is ADMINISTRATIVELY CLOSED pursuant to the outstanding sanction order in *Kennedy v. Scott*, 95-00176 (5th Cir. Oct. 20, 1995). Alternatively, his claims lack an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1). Any remaining pending motions are DENIED as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on Jan. 7, 2019.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE